IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE
HONORABLE ROBERT B. KUGLER

| | |
|---|---|
| (In Re Bayside Litigation) | Civil No. 97-5127(RBK) |
| TAVIUS LINDSEY, | **OPINION** |
| Plaintiff, | |
| v. | |
| WILLIAM H. FAUVER, et al. | |
| Defendants. | |

Defendants bring these Motions for Judgment as a Matter of Law, Relief from Judgment, or in the alternative for a New Trial, following an adverse jury verdict on July 27, 2004, against Scott Faunce ($18,000), William Fauver ($12,000) and Gary Hilton ($12,000). For the reasons which follow, the Motions are Denied.

This case is one of almost 700 claims filed by inmates at Bayside State Prison. In July, 1997, an inmate at Bayside murdered a corrections officer. There followed a lockdown and the Department of Corrections ordered in the Special Operations Group (SOG) to assist the regular staff. These were corrections officers from other state facilities who were specially trained. The inmates, including Lindsey, alleged that during the approximately thirty day lockdown, the Bayside corrections officers and SOG officers used excessive force. The plaintiffs, also alleged that supervisors all the way up to the Commissioner of Corrections also were liable. The court tried the injunctive relief aspects of the case without a jury in August, 2004, and entered a judgment in

defendants' favor in October, 2004. The Lindsey trial proceeded with a jury and judgment was entered on the verdict on July 28, 2004.

Counsel jointly requested these motions be put off while they attempted to settle the overall case. They now wish to have these motions decided. Currently 234 plaintiffs remain with claims against 147 defendants.

In a rather disjointed effort, defendants raise several issues: the judgment should be amended to reflect it is not final (because at the time of the verdict the equitable relief issues remained open); the court erred in permitting evidence of "policy, practice or custom;" liability against these defendants was improperly conditioned on a theory of respondent superior; there was insufficient evidence to warrant a finding for punitive damages; there was insufficient evidence of liability as to these defendants; the verdict is contrary to the weight of the evidence; and the court erred in permitting Lindsey to testify about his injuries.

The first issue is foreclosed by the court's ruling in October, 2004, on the claims for injunctive relief. The last issue, the trial testimony of Lindsey regarding his injuries, was ruled upon before and during trial and there is no reason to disturb that ruling. No expert was required to confirm the rather run-of-the-mill physical complaints Lindsey had as well as his belief the beating by unknown corrections officers caused these injuries.

The remaining issues all involve the status of these defendants. Faunce was the Administrator (warden) at Bayside. Hilton was the Chief of Staff to the Commissioner of Corrections, who at that time was Fauver..

As the court noted (and ruled) during this (and other) trials, there are three ways a jury could find liability on the part of any defendant: 1) a direct act of cruel and unusual punishment; 2) bystander liability for failing to intervene to prevent an act of cruel and unusual punishment; and 3)

deliberate indifference to a known substantial risk of harm by a supervisor in a position to do something about it. It is the last (third) basis this trial involved.

Here, there was some evidence of actual notice before the August 14, 1997, assault on Lindsey. Faunce was clearly aware of other beatings. The ombudsman reported their findings (bruises, complaints of beatings). Hilton acknowledged he was aware from early on in the lockdown of complaints from inmates and kept Faunce informed constantly of everything. Fauver made the decision to deploy SOG after consultation with Hilton and knew there were risks in doing so. No SOG or corrections officer was ever disciplined. In essence, plaintiff painted a picture of a dangerous situation created by SOG and corrections officers and were completely ignored by the higher-ups. Whether the evidence was perfect or even strong is of no moment. It was up to the jury to accept or reject this version of events. Obviously, they accepted it. And the jury could (and did) conclude the actions were sufficiently egregious to warrant punitive damages.

Accordingly, the court finds there were no errors in the admission of evidence or the verdict and the motions by defendants Scott Faunce, Gary Hilton and William Fauver, for Judgment as a Matter of Law, Relief from Judgment or in the alternative for a New Trial are **denied**.

An Order shall enter.

                                                                s/Robert B. Kugler
                                                                 ROBERT B. KUGLER
                                                                 United States District Judge

Dated: August 15, 2007