IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE
HONORABLE ROBERT B. KUGLER

|  |  |  |
|---|---|---|
| (In Re Bayside Litigation) | : | Civil No. 97-5127(RBK) |
| LUIS MEJIAS, | : | **OPINION** |
| Plaintiff, | : |  |
| v. | : |  |
| SCOTT FAUNCE | : |  |
| Defendant. | : |  |

       Defendant Scott Faunce brings these Motions for a New Trial, or in the alternative for Judgment as a Matter of Law, and Remittitur, following a jury verdict in favor of plaintiff Luis Mejias and against defendant Faunce, for $45,000, in compensatory damages and $200,000, in punitive damages (the jury returned verdicts in favor of the other defendants). For the reasons which follow, defendant's Motions are **Denied**.

       Following the murder by an inmate of a corrections officer at Bayside State Prison in July, 1997, the prison administration ordered a lockdown of the prison and ordered in the Special Operations Group ("SOG"). These are corrections officers from throughout the state. Faunce was the administrator (Warden) of Bayside at that time.

       Some three months later over 700 inmates filed suit in this court alleging their 8th Amendment rights to be free of cruel and unusual punishment were violated by the actions of the corrections officers, SOG officers and administrative staff during the lockdown. Plaintiffs sought

damages and injunctive relief. The court tried the equitable claims without a jury in August, 2004, and filed a judgment in favor of defendants in October, 2004.

Plaintiff Mejias claims he was beaten without provocation. His claim was tried by a jury and judgment entered on the verdict on December 17, 2004. Defendant Faunce timely filed these motions. Counsel requested the court refrain from deciding these motions while they pursued settlement of this claim as well as the hundreds of others still pending. Counsel now seek a decision on these motions.

Defendant raises a number of grounds for the relief he seeks: The court improperly failed to bifurcate the trial; plaintiff gave improper testimony about his injuries; plaintiff's counsel had improper contact with the jurors; during defense counsel's closing argument, plaintiff called counsel a "liar" and stated "they beat our ass;" plaintiff's counsel made improper comments during summation including casting aspersions on defense counsel; uttered profanities ("crap" and "damn"); invoked the "Golden Rule;" vouched for the credibility of witnesses; commented on the absence of witnesses; alluded to matters not in evidence; espoused personal knowledge of the facts; misstated the law; commented on plaintiff's then current health; and inaccurately characterized the testimony of the witness Coughlan.

Furthermore, defendant claims that plaintiff's injuries were minimal and therefore cannot support the damages award. And defendant claims there was insufficient evidence to justify an award of punitive damages. As noted, defendant seeks judgment in his favor, a new trial, or remittitur. Plaintiff vigorously opposes the motions.

The bifurcation argument is foreclosed by the decision of the Court of Appeals for the Third Circuit in the companion case of Laverna White, another inmate plaintiff. The Third Circuit rejected similar arguments raised by defendants in a non-precedential opinion filed December 20, 2005, and judgment entered on January 11, 2006.

Plaintiff's injury testimony was the subject of a pretrial motion which the court ruled on and need not repeat here. Moreover, defense counsel raised no objection during trial. It's actually not clear from defendant's brief what the objection is now. He described his then current medical condition only so the jury could understand his apparent lethargy. T4-9 to 22 and T127-20 to T128-11 (12/5/04). This testimony also made clear that the lethargy had no relationship to the beating. This is not grounds to disturb the verdict.

According to the declaration of Steven W. Griegel, Esq., the alleged improper contact between Mr. Kaigh (plaintiff's counsel) and jurors occurred on December 16, 2004, paragraph 2, which Griegel claims was shortly before opening arguments, paragraph 4. This cannot be accurate for closing arguments took place on December 16. Opening arguments occurred on December 13, 2004. Moreover, Griegel does not allege Kaigh ever spoke with any juror. Kaigh's explanation is credible and defendant suffered no prejudice from this chance and accidental encounter. Moreover, defense counsel never raised this issue with the court during trial or at any time the jury was still present and could be questioned. Accordingly, this is insufficient to set aside the verdict.

As to plaintiff's outburst, it took place near the end of defense counsel's summation. There is no question plaintiff said "They beat our asses." T101-14 (12/16/04). However, the record does not show he also said "liar." Nor is it clear how defense counsel can be so certain that the "outburst was clearly heard by the jury." Significantly, after defense finished and once the jury left the courtroom, the court severely admonished the plaintiff. Defense counsel sought no further action. And the court disagrees with defendant's contention that the remark prejudiced the jury against the defendant. It is equally likely that the jury would hold such a rude intemperate remark against the plaintiff. Thus this is not a sufficient reason to disturb the verdict.

Defense counsel failed to raise any objection to most of what he now complains plaintiff's counsel improperly did in plaintiff's summation. The court did respond to the objections that were raised and gave curative instructions to the jury with the agreement of defense counsel.

T134-21 to 135-12 (12/16/04).  Those rulings were correct then and the court believes they are correct now.  Thus this affords no reason to upend the verdict.

As to the extent of plaintiff's injuries, defendant contends that the award of $45,000, "is grossly excessive, shocking and should be remitted."  The court disagrees.  The jury obviously believed the plaintiff was violently assaulted with a weapon (the PR-24) and he suffered as a result.  Furthermore, the injury had a constitutional dimension.  The jury found that defendant's conduct violated plaintiff's 8th Amendment rights.

The punitive damages award against Faunce is more difficult to justify because he didn't personally assault anyone.  But there was evidence he knew assaults were taking place and inmates were being injured.  Clearly he did nothing to end the beatings.  In short the jury could, and obviously did, find his conduct willful or in callous disregard of plaintiff's rights.  Nor has defendant shown the award violates the precepts set forth in recent Supreme Court cases.  The court is satisfied the jury understood and correctly applied the law on punitive damages.  Accordingly, the court declines to disturb the punitive damages award.

For all the foregoing reasons, defendant's motions for new trial, judgment or remittitur, are **DENIED**.  An appropriate Order shall enter.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated:  August 29, 2007