(Not for Publication)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| IN RE: | : : : : | Civil No. 97-5127 (RBK) |
| BAYSIDE PRISON LITIGATION | : : : : : | **OPINION** |

**KUGLER**, United States District Judge:

Presently before the Court is a motion by Plaintiff Tavious Lindsey ("Lindsey"), seeking attorneys' fees and litigation costs from Defendants William H. Fauver, Scott Faunce, and Gary Hilton (collectively "Defendants"). Further before the Court is a motion by Plaintiff Luis Mejias ("Mejias"), seeking attorneys' fees and litigation costs from Defendant Scott Faunce ("Faunce"). Both motions seek relief pursuant to 42 U.S.C. § 1988 and Local Civil Rule 54.2. Lindsey and Mejias prevailed at trials on their claims brought under 42 U.S.C. § 1983. For the reasons set forth below, the Court will grant both Lindsey's and Mejias's motions.

**I.    BACKGROUND**[1]

During July, August, and September of 1997, Bayside State Prison ("Bayside") experienced a "lockdown" following the murder of Senior Corrections Officer Fred Baker by an

---

[1] As the parties and this Court are intimately familiar with the factual background underlying this ten-year-old case, this Opinion will contain only a brief recitation of relevant facts.

1

inmate. Lindsey and Mejias were Bayside inmates who suffered civil rights violations at the hands of Defendants during this lockdown. On April 25, 2000, the Bayside plaintiffs were denied class certification, and have thereafter proceeded with their individual claims in this case.

Both Lindsey's and Mejias's cases proceeded to trial. On July 28, 2004, following a five-day trial, the jury returned a verdict in Lindsey's favor. The jury awarded Lindsey a total of $42,000 in compensatory and punitive damages against Defendants. Mejias's four-day trial concluded on December 17, 2004 when the jury returned a verdict in his favor and awarded a total of $245,000 in compensatory and punitive damages. Both Lindsey and Mejias timely filed motions for attorneys' fees and costs within thirty days of their verdicts, as mandated by Local Civil Rule 54.2. The Court dismissed these motions without prejudice on December 21, 2005, pending the outcome of settlement negotiations. Lindsey and Mejias both refiled their motions for attorneys' fees and costs on October 15, 2007. Lindsey seeks a total of $48,949.98 and Mejias asks for $95,752.50. Defendants oppose both motions, asking the Court to reduce the amounts requested.

## II.  DISCUSSION

In a civil rights action filed pursuant to 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. Indeed, "it is well settled that a prevailing plaintiff should recover an award of attorney's fees absent special circumstances." County of Morris v. Nationalist Movement, 273 F.3d 527, 535 (3d Cir. 2001).

The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e, however, limits the attorneys' fees a court may award a prisoner who recovers a monetary judgment in a section

2

1983 action. The PLRA places a cap both on an attorney's maximum hourly rate and on the total amount of attorneys' fees recoverable from a defendant. Collins v. Montgomery County Bd. of Prison Inspectors, 176 F.3d 679, 683 (3d Cir. 1999). In addition, the PLRA requires that a portion of a monetary judgment recovered by a plaintiff, not to exceed 25 percent, be applied to satisfy attorneys' fees. Id. (citing 42 U.S.C. § 1997e(d)).

    A.    **Eligibility for Attorneys' Fees Under 42 U.S.C. § 1988**

The first step in the Court's analysis is to determine whether Mejias and Lindsey are eligible for an award of attorneys' fees. This determination turns on whether they are prevailing parties under § 1988. A plaintiff is considered "prevailing" when "actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar v. Hobby, 506 U.S. 103, 111-12 (1992). Defendants do not contest that Lindsey and Mejias are prevailing parties. Juries returned verdicts in favor of both Plaintiffs; therefore, Lindsey and Mejias are both entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

    B.    **Calculation of the Lodestar**

Next, the Court must calculate the "lodestar." This figure is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Blum v. Stenson, 465 U.S. 886, 888 (1984). The party requesting the fees bears the burden of proving the reasonableness of the request. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). To satisfy this burden, the party seeking fees must "submit evidence supporting the hours worked and rates charged." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Then, the opposing party must make specific objections that are sufficient to provide the fee applicant with notice of the

contested portions of the claimed fee. Rode, 892 F.2d at 1183. Once the objections are sufficiently made, the district court has considerable discretion to adjust the fee as long as the adjustments are based on the challenger's objections. Bell v. United Princeton Props., 884 F.2d 715, 721 (3d Cir. 1989).

The PLRA incorporates two important limitations in this analysis. First, it supplies the "reasonable rate" for the lodestar equation. The court must limit the hourly rate to 150 percent of the rate designated for court-appointed counsel under 18 U.S.C. § 3006A. 42 U.S.C. § 1997e(d)(3). In addition, the court must limit the hours sought to only those hours that were "directly and reasonably incurred in proving an actual violation of the plaintiff's rights." 42 U.S.C. § 1997e(1)(A). At the time Plaintiffs' counsel performed the work for which Lindsey and Mejias seek fees, the rate for court-appointed counsel in the District of New Jersey was $90, so Plaintiffs' counsel are entitled to a rate of $135 per hour. Defendants do not dispute this rate.

Paralegal work may be separately billed for in fee awards under section 1988. Missouri v. Jenkins, 491 U.S. 274, 288 (1989). The PLRA does not address billing rates for paralegals, although at least two courts have reduced non-lawyer compensation to below-market rates to maintain an appropriate relationship to attorney compensation. See Jackson v. Austin, 267 F. Supp. 2d 1059, 1065 (D. Kan. 2003); Ilick v. Miller, 68 F. Supp. 2d 1169, 1179 (D. Nev. 1999). Defendants argue for such a reduction in this case. Nevertheless, this Court agrees with the reasoning in Laube v. Allen, 506 F. Supp. 2d 969 (M.D. Ala. 2007), that the PLRA does not provide a cap on paralegal rates different from the cap on attorney rates. The court in Laube explained, "Prevailing parties generally may recover paralegal fees along with attorney's fees, and the PLRA is absolutely silent on the issue of paralegal support." As a result, provided the

4

paralegal rate is not more than the maximum rate allowed for attorneys under the PLRA, this Court is concerned only with the reasonableness of Ms. Good's rate of $65 per hour. Defendants do not raise concerns about this rate, and the Court finds it to be appropriate based on regional norms.

Defendants object to certain time expenditures claimed by Plaintiffs' counsel. In particular, Defendants argue that Plaintiffs' counsel insufficiently documented many of their billing entries, seek fees for time that was not spent on either Lindsey's or Mejias's cases, and bill for time that was excessive, unnecessary, or duplicative.

      i.    <u>Lindsey</u>

The certifications submitted concerning Lindsey's case report that on his case, Mr. Lindsay billed 33.4 hours, Mr. Loughry billed 61 hours, Mr. Kaigh billed 180 hours, Mr. Ray billed 7.5 hours, and Ms. Good, a paralegal, billed 23 hours. Defendants contend that not all of this time was reasonably expended. Specifically, they make the following objections to Lindsey's fee petition:

- Some of the time reported by Mr. Kaigh was not truly related to Lindsey's trial. For instance, Mr. Kaigh's certification includes 10.5 hours of trial preparation the day before the trial of another plaintiff, DeNoia, commenced, and 19 hours of trial preparation the weekend before Plaintiff Schenck's trial, including preparation of a witness who did not testify in the Lindsey trial.

- The 2 hours Mr. Loughry billed to revising "pretrial orders" was not exclusively for Lindsey's case.

- The 22 hours Mr. Lindsay recorded for drafting and revising pretrial orders and

> attending a pretrial conference was not devoted solely to Lindsey's case.
>
> - It was unnecessary and duplicative for both Mr. Kaigh and Mr. Loughry to bill their time for attending Lindsey's trial each day.
>
> - Only one attorney was needed to await the jury's verdict in the Lindsey trial.
>
> - Mr. Loughry should not collect fees for the 2 hours he attributed to preparing Lindsey's original fee petition, which was later voluntarily dismissed by the Court.

Some of Defendants' objections lack merit. First, Mr. Kaigh has submitted a sworn affidavit attesting to the fact that the hours listed in his entries "reflect only the recent work and time spend on Lindsey," and the Court will accept this averment, with one exception. Plaintiffs' counsel did not explain how preparation for the trial testimony of Mr. Faunce, who was not a witness at Lindsey's trial, was directly related to proving Lindsey's civil rights violation. As a result, the Court will reduce the block billing entry including that time from 10.5 hours to 5.25. The Court is satisfied that the time Mr. Lindsay devoted to preparing pretrial orders pertaining to four plaintiffs, including Lindsey, was necessary for Lindsey's case because Mr. Lindsay avers that "the time spent was essentially the same for one or four." Furthermore, because it often necessary for a party to have more than one attorney represent them at trial, the Court sees no need to exclude time billed by either Mr. Kaigh or Mr. Loughry at trial. Lindsey is also entitled to fees incurred for his first motion for fees because the Third Circuit has held that a party may obtain "fees on fees" in a PLRA case, see Hernandez v. Kalinowski, 146 F.3d 196, 199 (3d Cir. 1998) (holding fees for preparing and litigating motion requesting fees and costs are recoverable under PLRA), and Lindsey has not asked for fees for preparing this second motion. Hence, fees

for the prior motion will be allowed.

The Court will, however, omit the hours Mr. Kaigh and Mr. Loughry spent waiting for the jury's verdict, because that time was not incurred in proving the violation of Lindsey's rights. Moreover, Mr. Kaigh and Mr. Loughry were free to work on other matters during that time. See Jordan v. City of Cleveland, 464 F.3d 584, 602 (6th Cir. 2006) (holding that time spent awaiting verdict was not compensable where attorneys were permitted to leave the courthouse during deliberation). As a result, the reasonable hours expended by the attorneys on Lindsey's case totals 261.6, and the paralegal time is 23 hours. These hours multiplied by $135 per hour for the attorneys and $65 per hour for Ms. Good, yields a lodestar value of $36,811.00.

Consistent with the Court's obligation under section 1997e(d)(2) to make Lindsey responsible for some portion of attorneys' fees not to exceed 25 percent of his damages, the Court will require him to pay one percent of the damages awarded by the jury, or $420.00. The PLRA includes no guidance to courts on appointing the percentage of damages that should be apportioned towards fees. This Court will opt for a low percentage in keeping with the jury's award of substantial punitive damages, which reflect the seriousness of the civil rights violation Lindsey suffered. See Norwood v. Vance, No. 03CV2554, 2008 WL 686901 (E.D. Cal. March 12, 2008) (citing Morrison v. Davis, 88 F. Supp. 2d 799, 811 (S.D. Ohio 2000)) (requiring prevailing plaintiff to pay 25 percent of nominal damages, $2.75, based on balancing countervailing policy considerations of punitive damage awards and PLRA); Boesing v. Hunter, No. 04CV1268, 2007 WL 1485976 (E.D. Mo. May 18, 2007) (ordering prevailing plaintiff to pay one percent of judgment towards attorneys' fees). Thus, the Court will order Defendants to pay the remainder of the attorneys' fees, namely $36,391.00.

ii. <u>Mejias</u>

Certifications offered regarding Mejias's case reveal that, specific to that case, Mr. Lindsay billed 20.5 hours, Mr. Loughry billed 17.2 hours, Mr. Kaigh billed 154 hours, Mr. Ray billed 4 hours, and Ms. Good billed 56 hours. Mejias also seeks fees generated for work that was applicable to either a group of Bayside plaintiffs, including Mejias, or to all Bayside plaintiffs generally. This work includes taking depositions, preparing and filing oppositions to dispositive motions filed by all Bayside defendants, preparing for and appearing in court, and performing legal research. Of this category of time, Mr. Lindsay reports 191.4 hours and 71.9 hours on behalf of his former paralegal Ms. Horton, and Mr. Loughry reports 175.3 hours. Faunce maintains that Mejias should not be able to recover those fees that are not particular to his case, or at least, this time should be prorated among the hundreds of other Bayside plaintiffs.

Furthermore, even among the time entries specifically regarding Mejias, Faunce contends that certain work was excessive, unnecessary, or duplicative. Faunce also argues that other time entries are too vague in their description. In particular, Faunce objects to the following time expenditures.

- It was excessive for Mr. Kaigh to spend 70 hours preparing six witnesses whose direct testimony and cross-examination at trial were substantially similar to the testimony they provided in eleven prior trials.

- It was unnecessary for Mr. Kaigh to spend 4.5 hours preparing for the direct testimony of Debbie Faunce and 4 hours spent in part, preparing direct testimony of Gary Hilton, neither of whom Plaintiffs ultimately called to testify.

- Mr. Lindsay was not sufficiently specific in certain entries for costs and fees,

8

> including with respect to an October 20, 2004 telephone conference, an October 19, 2004 copying charge, and reviewing correspondence from an appellate court on December 7, 2004.

- Mr. Loughry was not sufficiently specific in certain entries for fees, including with respect to a September 19, 2004 conference with the magistrate, a "letter to court," and reviewing correspondence and files on October 14, 15, and 18.

Mejias does not address these concerns, and the Court agrees with Faunce on a number of them. Initially, the Court finds the number of hours reported by Mr. Kaigh excessive. The Court is persuaded that an average of 11.5 hours is an unreasonable amount of time to prepare a witness for trial testimony where that testimony is substantially similar to testimony provided eleven times previously. In addition, Mejias does not explain why it was necessary to allocate time to preparing the direct testimony of Debbie Faunce and Gary Hilton, whom Mejias did not subpoena or otherwise call to testify. Cf. Marinne v. Nabisco Brands, Inc., No. Civ. A. 92-6064, 1994 WL 533906, at *3 (E.D. Pa. Sept. 29, 1994) (permitting fees for preparation of witnesses who did not ultimately testify at trial because fee petition explained why witness did not take stand). Consequently, the Court will reduce the time billed by Mr. Kaigh by one-third, in addition to subtracting the time spent preparing for Mr. Hilton's and Ms. Faunce's trial testimony, resulting in a total of 104.8 hours for Mr. Kaigh.

Moreover, Faunce is correct that in some instances, the documentation offered by Mejias is inadequate. Mr. Loughry avers that certain entries that do not refer to Mejias nonetheless pertain to his case; however, Mr. Loughry has provided no explanation for how he drew those conclusions. As a result, the Court will award fees only for those time records of that obviously

pertain to Mejias, which includes 9.4 hours for Mr. Loughry and 20.3 for Mr. Lindsay.  See Fed. Home Loan Mortgage Corp. v. River Assocs., Civ. No. 92-2666, 1993 WL 21073, at *2 (D.N.J. January 19, 1993) (finding that a court may reduce the number of hours alleged to have been expended for inadequate documentation).  As already established with respect to Lindsey, Mejias is entitled to fees for his work on his previously filed petition for attorneys' fees.

With respect to work performed by Mr. Lindsay, Mr. Loughery, Ms. Horton, and Ms. Good that Plaintiffs' counsel acknowledge was not specifically applicable to Mejias, Mejias has not carried his burden of showing that this work was reasonably and directly incurred in proving an actual violation of his federal rights.  The time entries do not speak for themselves, and Plaintiffs' counsel offer no explanation of how these expenditures of time related to Mejias's case.  Mr. Lindsay avers merely that each of the depositions he took "played a critical role in discovery and preparation for trial of this matter."  This unsupported assertion is not sufficient under the PLRA's heightened requirements for obtaining fees, and the Court will not award any fees for this time.

Therefore, the reasonable hours expended by the attorneys on Mejias's case totals 138.5, and the paralegal time is 56 hours, which results in a lodestar value of $22,337.50.  As with Lindsey, the jury in Mejias's case awarded significant punitive damages.  Consequently, the Court will limit Mejias's obligation to pay attorneys' fees to one percent of his damage award, or $2,450.00.  The Court will order Faunce to pay $19,887.50.

### C.    PLRA's Requirement of Proportionate Relief

The final step in the Court's analysis concerning fees is deciding whether the amount of the fee determined from the first two steps is proportionate to the relief Mejias and Lindsey

obtained. See 42 U.S.C. § 1997e(d)(1)(B). Defendants do not suggest that $36,391.00 for Lindsey and $19,887.50 for Mejias are disproportionate to the relief those plaintiffs achieved at their trials. Accordingly, the Court will not further adjust the attorneys' fees to which Plaintiffs are entitled.

### D.     Costs/Expenses

Under section 1988, civil rights litigants who are successful at trial are entitled to reimbursement for the costs associated with litigating their claim as long as such costs are "incidental and necessary expenses incurred in furnishing effective and competent representation." Planned Parenthood of Cent. N.J. v. Attorney Gen. of State of N.J., 297 F.3d 253, 267 (3d Cir. 2002). The Court has authority to award "reasonable out-of-pocket expenses . . . normally charged to a fee-paying client, in the course of providing legal services." Id. (quoting Associated Builders & Contractors of La., Inc. v. The Orleans Parish Sch. Bd., 919 F.2d 374, 380 (5th Cir. 1990)). Here, Lindsey seek an award of litigation costs in the amount of $9,398.48 and Mejias asks for $7,755.70. Defendants object to several of the requested expenses.

    i.     Lindsey

Lindsey asks for a total of $9,398.48 in costs, which includes the bill for investigative services by Central Investigation Bureau and the cost of Lindsey's deposition transcript. Defendants object to certain charges in the investigator's invoice, including the mileage charges of 67 cents per mile, the lack of specificity for cellular telephone charges, and the "exigency differential fee" of 35 percent applied to the hourly rate. In addition, Defendants argue that Lindsey has failed to show that the investigator was "incidental and necessary expense[] incurred in furnishing effective and competent representation," because during trial, the investigator's

11

only apparent function was playing videotapes. Finally, Defendants contend that the investigator's charges are not sufficiently specific and include 12 hours that were generally attributable to all Bayside plaintiffs.

Based on the invoice submitted by Lindsey, the Court can infer that the investigator's services were by and large necessary to Plaintiffs' counsel providing effective and competent representation. Lindsey's counsel requested the investigator's presence at trial each day and relied on him to prepare and play video segments important to Lindsey's trial. The investigator also served process on Lindsey's witnesses, which involved "canvas and surveillance." The invoice sufficiently details the necessity of cellular and other telephone charges as "calls to witnesses and other communication on behalf of counsel." Moreover, the exigency fee was simply a part of the investigator's charges for his service, and the Court finds the rate charged to be reasonable. Finally, the invoice, which is specific to Lindsey, apparently prorated the time allocated to work generally applicable to all Bayside plaintiffs. Thus, no further discount of that fee is required. The Court will, however, reduce the investigator's mileage charges to the prevailing IRS rate in 2004 of 37.5 cents per mile, which reduces the cost of the investigator's services to $8,862.75. As such, the total compensable costs and expenses are $9,282.25.

        ii.    <u>Mejias</u>

Mejias asks for $7,755.70 in costs for deposition transcripts. Mr. Lindsay attests that "these depositions were critical for discovery and for the successful prosecution of the supervisory liability claim in the Mejias case." Significantly, Faunce does not challenge the reasonableness of this cost. Consequently, the Court will grant Mejias the costs he seeks.

**IV.     CONCLUSION**

For the foregoing reasons, this Court will grant in part and deny in part both Lindsey's and Mejias's motions for attorneys' fees and litigation costs pursuant to L. Civ. R. 54.2 and 42 U.S.C. § 1988.  The Court will award Lindsey $45,673.25 and Mejias $27,643.20.  An accompanying order shall issue today.


Dated: May 21, 2008                                         s/ Robert B. Kugler
                                                                          ROBERT B. KUGLER
                                                                          United States District Judge