UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Civil Action No. 08-130

In Regard to the Matter of:

Bayside State Prison Litigation

JOSEPH CARTER

    -vs-

WILLIAM H. FAUVER, et al,

    Defendants.

OPINION/REPORT
OF THE
SPECIAL MASTER

RECEIVED
DEC - 8 2009
JOEL SCHNE...
U.S. Magistrate...

\*   \*   \*   \*

TUESDAY, OCTOBER 27, 2009

\*   \*   \*   \*

BEFORE THE HONORABLE JOHN W. BISSELL, SPECIAL MASTER

```
 1
 2
 3
 4
 5              Transcript of proceedings in the above
 6   matter taken by Theresa O. Mastroianni, Certified
 7   Court Reporter, license number 30X100085700, and
 8   Notary Public of the State of New Jersey at the
 9   United States District Court House, One Gerry Plaza,
10   Camden, New Jersey, 08102, commencing at 3:11 PM.
11
12
13
14
15
16
17
18
19              MASTROIANNI & FORMAROLI, INC.
20         Certified Court Reporting & Videoconferencing
21                 251 South White Horse Pike
22                  Audubon, New Jersey 08106
23                       856-546-1100
24
25
```

```
 1

 2    A P P E A R A N C E S:

 3

 4         JAIME KAIGH, ESQUIRE
           32 NORTH BLACK HORSE PIKE
 5         BLACKWOOD, NEW JERSEY  08012
           856-232-3337
 6         856-232-4561
           ATTORNEYS FOR THE PLAINTIFFS
 7

 8

 9         ROSELLI, GRIEGEL, LOZIER & LAZZARO, PC
           BY:  MARK ROSELLI, ESQUIRE
10              - and -
           BY:  STEVEN GRIEGEL, ESQUIRE
11         1337 STATE HIGHWAY 33
           HAMILTON SQUARE, NEW JERSEY  08690
12         609-586-2257
           ATTORNEYS FOR THE DEFENDANTS
13

14

15

16

17

18

19

20

21

22

23

24

25
```

1            JUDGE BISSELL:  I'm reopening
2    proceedings in the case of Joseph Carter, docket
3    number 08-130.
4            This opinion/report is being issued
5    pursuant to the directives of the Order of Reference
6    to a Special Master and the Special Master's
7    Agreement and the guiding principles of law which
8    underlie this decision to be applied to the facts
9    upon which it is based as set forth in the jury
10   instructions in the Walker and Mejias jury charges to
11   the extent applicable to the allegations of Mr.
12   Carter.
13           As finalized after review under Local
14   Civil Rule 52.1, this transcript will constitute the
15   written report required under paragraph seven of the
16   Order of Reference to a Special Master.
17           Joseph Carter testified that he was
18   housed in Trailer Number Two at Bayside State Prison
19   on the day that particular unit was searched and in
20   which there was a movement of prisoners to the gym.
21   The record establishes that that was August 11th,
22   1997.  He alleges that there were three assaults
23   committed upon him in the course of that day.  To
24   paraphrase them briefly, he said that one of them
25   occurred in the dayroom of Trailer Number Two where

1   he was made to lie on top of another inmate and when
2   that inmate could no longer support his weight and
3   both of them tumbled to the floor, they were both
4   assaulted by corrections officers apparently
5   witnessing this for sport.
6               The second assault to him he alleges
7   occurred in the back of the gym when he was in a
8   situation where he could not tolerate the position in
9   which he was sitting.  He said several officers took
10  him to the back of the gym and then proceeded to beat
11  him back there, even though there were Internal
12  Affairs personnel and administrative personnel in the
13  vicinity, at least slightly outside the door to the
14  gym.  And despite that, he claims that this beating
15  was administered to him at that time and place.
16              He alleges that a third incident
17  occurred around the side of Center Control where,
18  after his session in the gym, he was put up against
19  the wall.  He received multiple beatings and
20  kickings, and among other things, there was a dog
21  there with him from the K-9-unit who was released and
22  bit him on the calf and gave him puncture wounds on
23  his calf.
24              However, evidence to the contrary,
25  including testimony from his own deposition,

1  demonstrates that at the very least Mr. Carter has
2  failed to sustain his burden of proving the claims
3  which he asserts.
4             In his deposition he specifically
5  stated that he had not been assaulted in the gym,
6  and, certainly not to the satisfaction of this finder
7  of fact, could he explain the discrepancy between his
8  testimony before me in this court in June of 2009 and
9  the contents of his deposition.  Cross-examination
10 reflecting that discrepancy appears at page 58
11 through 60 of the testimony before me on June 17th,
12 '09.
13            Also, in the course of his deposition
14 he had stated that, as far as any assaults in the
15 unit were concerned, they were basically minor prods
16 and hits, and it only happened to him twice until he
17 was outside of the unit going to the gym.  His
18 deposition made no reference to the incident on the
19 floor with the other inmate, and, once again, he had
20 no good explanation for this discrepancy between his
21 deposition testimony and his testimony at trial.  The
22 examination that points out those discrepancies took
23 place before me between pages 62 and 65 in the
24 June 17th transcript.
25            Finally, as far as the attack and

1  biting by the dog is concerned, I determine that that
2  essentially is fantasy and could not have been as he
3  described it.  Officer Ruiz testified here yesterday
4  that he was the one who had the Rottweiler that was
5  present on the premises.  My recollection is that Mr.
6  Carter testified that it was that type of dog that
7  was brought into play.
8              In any event, Officer Ruiz testified
9  not only did this not happen or ever occur while he
10 was on the premises (virtually on a daily basis)
11 throughout the lockdown with his Rottweiler, but it
12 could not have occurred based upon the manner in
13 which the dogs are employed.  Among other things, the
14 officer testified, and I believe credibly, that he
15 would not release a dog upon a group of people.  In
16 this instance by the recounting of Mr. Carter
17 himself, he was in the course of being beaten by
18 corrections officers along this wall on the side of
19 Center Control.  Hence, there were at least three of
20 them, if not more, in close proximity to each other.
21 As Officer Ruiz testified, the dog is not in a
22 position to distinguish between one person and
23 another.  Accordingly, since the dog would only
24 attack on command and would only be able to come into
25 contact with persons upon being released and ordered

Page 8

1  by Mr. Ruiz, he would never have done such a thing.
2  The dog could have focused his attention on any of
3  the three people allegedly involved.
4             Secondly, this dog, and K-9 dogs
5  generally administered by SOG officers trained for
6  this type of duty, would not merely bite and release
7  a person, such as Mr. Carter characterized the bite
8  to his calf, but would bite and hold until ordered by
9  its handler to release the person.  There is no such
10 testimony even by Mr. Carter that this is what
11 occurred to him.  Nor, once again, would there have
12 been any reason for this.
13            Finally, Mr. Carter testified at least
14 during one portion of his journey on August 11th that
15 there was a mixture of SOG and Bayside officers
16 involved in his transport and assault.  The record
17 reveals, however, quite clearly, that all of the
18 transport duties which would have occurred on this
19 day, as they did with others involving persons taken
20 from the units so those units could be searched, were
21 done by SOG officers only.
22            To summarize briefly, I find Mr.
23 Carter's testimony before me not credible and refuted
24 by credible and competent evidence to the contrary.
25 And accordingly, I find that he has not sustained his

```
 1   burden of proof by a preponderance of the credible
 2   evidence before me.
 3              Finally, although not every item of
 4   evidence has been discussed in this opinion/report,
 5   all evidence presented to the Special Master was
 6   reviewed and considered.
 7              For the reasons set forth above, I
 8   recommend in this report that the district court
 9   enter an order and judgment of no cause for action
10   with regard to Joseph Carter.
11              (Hearing Adjourned)
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1        C E R T I F I C A T E

2

3        I, Theresa O. Mastroianni, a Notary Public and

4    Certified Shorthand Reporter of the State of New

5    Jersey, do hereby certify that the foregoing is a

6    true and accurate transcript of the testimony as

7    taken stenographically by and before me at the time,

8    place, and on the date hereinbefore set forth.

9        I DO FURTHER CERTIFY that I am neither a

10   relative nor employee nor attorney nor counsel of any

11   of the parties to this action, and that I am neither

12   a relative nor employee of such attorney or counsel,

13   and that I am not financially interested in the

14   action.

15

16

17

18

19   *Theresa O. Mastroianni*
     Theresa O. Mastroianni, C.S.R.
20   Notary Public, State of New Jersey
     My Commission Expires May 5, 2010
21   Certificate No. XIO857
     Date: October 27, 2009
22

23

24

25

### A
able 7:24
accurate 10:6
action 1:2 9:9
    10:11,14
Adjourned 9:11
administered
    5:15 8:5
administrative
    5:12
Affairs 5:12
Agreement 4:7
al 1:9
allegations 4:11
allegedly 8:3
alleges 4:22 5:6
    5:16
apparently 5:4
appears 6:10
applicable 4:11
applied 4:8
assault 5:6 8:16
assaulted 5:4 6:5
assaults 4:22
    6:14
asserts 6:3
attack 6:25 7:24
attention 8:2
attorney 10:10
    10:12
ATTORNEYS
    3:6,12
Audubon 2:22
August 4:21
    8:14

### B
back 5:7,10,11
based 4:9 7:12
basically 6:15
basis 7:10
Bayside 1:5 4:18
    8:15
beat 5:10
beaten 7:17
beating 5:14

beatings 5:19
believe 7:14
BISSELL 1:21
    4:1
bit 5:22
bite 8:6,7,8
biting 7:1
BLACK 3:4
BLACKWOOD
    3:5
briefly 4:24 8:22
brought 7:7
burden 6:2 9:1

### C
C 3:2 10:1,1
calf 5:22,23 8:8
Camden 2:10
Carter 1:7 4:2
    4:12,17 6:1 7:6
    7:16 8:7,10,13
    9:10
Carter's 8:23
case 4:2
cause 9:9
Center 5:17 7:19
certainly 6:6
Certificate
    10:21
Certified 2:6,20
    10:4
certify 10:5,9
characterized
    8:7
charges 4:10
Civil 1:2 4:14
claims 5:14 6:2
clearly 8:17
close 7:20
come 7:24
command 7:24
commencing
    2:10
Commission
    10:20
committed 4:23

competent 8:24
concerned 6:15
    7:1
considered 9:6
constitute 4:14
contact 7:25
contents 6:9
contrary 5:24
    8:24
Control 5:17
    7:19
corrections 5:4
    7:18
counsel 10:10,12
course 4:23 6:13
    7:17
court 1:1 2:7,9
    2:20 6:8 9:8
credible 8:23,24
    9:1
credibly 7:14
Cross-examin...
    6:9
C.S.R 10:19

### D
daily 7:10
date 10:8,21
day 4:19,23 8:19
dayroom 4:25
decision 4:8
Defendants 1:10
    3:12
demonstrates
    6:1
deposition 5:25
    6:4,9,13,18,21
described 7:3
despite 5:14
determine 7:1
directives 4:5
discrepancies
    6:22
discrepancy 6:7
    6:10,20
discussed 9:4

distinguish 7:22
district 1:1,2 2:9
    9:8
docket 4:2
dog 5:20 7:1,6
    7:15,21,23 8:2
    8:4
dogs 7:13 8:4
door 5:13
duties 8:18
duty 8:6

### E
E 3:2,2 10:1,1
employed 7:13
employee 10:10
    10:12
enter 9:9
ESQUIRE 3:4,9
    3:10
essentially 7:2
establishes 4:21
et 1:9
event 7:8
evidence 5:24
    8:24 9:2,4,5
examination
    6:22
Expires 10:20
explain 6:7
explanation
    6:20
extent 4:11

### F
F 10:1
fact 6:7
facts 4:8
failed 6:2
fantasy 7:2
far 6:14,25
FAUVER 1:9
finalized 4:13
Finally 6:25
    8:13 9:3
financially

    10:13
find 8:22,25
finder 6:6
floor 5:3 6:19
focused 8:2
foregoing 10:5
FORMAROLI
    2:19
forth 4:9 9:7
    10:8
FURTHER 10:9

### G
generally 8:5
Gerry 2:9
going 6:17
good 6:20
GRIEGEL 3:9
    3:10
group 7:15
guiding 4:7
gym 4:20 5:7,10
    5:14,18 6:5,17

### H
H 1:9
HAMILTON
    3:11
handler 8:9
happen 7:9
happened 6:16
Hearing 9:11
hereinbefore
    10:8
HIGHWAY
    3:11
hits 6:16
hold 8:8
HONORABLE
    1:21
Horse 2:21 3:4
House 2:9
housed 4:18

### I
incident 5:16

| | | | | |
|---|---|---|---|---|
| 6:18 | manner 7:12 | 6:17 | puncture 5:22 | 8:20 |
| including 5:25 | MARK 3:9 | **P** | pursuant 4:5 | second 5:6 |
| inmate 5:1,2 | Master 1:6,21 | P 3:2,2 | put 5:18 | Secondly 8:4 |
| 6:19 | 4:6,16 9:5 | page 6:10 | **Q** | session 5:18 |
| instance 7:16 | Master's 4:6 | pages 6:23 | quite 8:17 | set 4:9 9:7 10:8 |
| instructions | Mastroianni 2:6 | paragraph 4:15 | **R** | seven 4:15 |
| 4:10 | 2:19 10:3,19 | paraphrase 4:24 | R 3:2 10:1 | Shorthand 10:4 |
| interested 10:13 | matter 1:4 2:6 | particular 4:19 | reason 8:12 | side 5:17 7:18 |
| Internal 5:11 | Mejias 4:10 | parties 10:11 | reasons 9:7 | sitting 5:9 |
| involved 8:3,16 | merely 8:6 | PC 3:9 | received 5:19 | situation 5:8 |
| involving 8:19 | minor 6:15 | people 7:15 8:3 | recollection 7:5 | slightly 5:13 |
| issued 4:4 | mixture 8:15 | person 7:22 8:7 | recommend 9:8 | SOG 8:5,15,21 |
| item 9:3 | movement 4:20 | 8:9 | record 4:21 8:16 | South 2:21 |
| | multiple 5:19 | personnel 5:12 | recounting 7:16 | Special 1:6,21 |
| **J** | | 5:12 | reference 4:5,16 | 4:6,6,16 9:5 |
| JAIME 3:4 | **N** | persons 7:25 | 6:18 | specifically 6:4 |
| Jersey 1:2 2:8,10 | N 3:2 | 8:19 | reflecting 6:10 | sport 5:5 |
| 2:22 3:5,11 | neither 10:9,11 | Pike 2:21 3:4 | refuted 8:23 | SQUARE 3:11 |
| 10:5,20 | never 8:1 | place 5:15 6:23 | regard 1:4 9:10 | State 1:5 2:8 |
| JOHN 1:21 | New 1:2 2:8,10 | 10:8 | relative 10:10,12 | 3:11 4:18 10:4 |
| Joseph 1:7 4:2 | 2:22 3:5,11 | PLAINTIFFS | release 7:15 8:6 | 10:20 |
| 4:17 9:10 | 10:4,20 | 3:6 | 8:9 | stated 6:5,14 |
| journey 8:14 | NORTH 3:4 | play 7:7 | released 5:21 | States 1:1 2:9 |
| JUDGE 4:1 | Notary 2:8 10:3 | Plaza 2:9 | 7:25 | stenographica... |
| judgment 9:9 | 10:20 | PM 2:10 | reopening 4:1 | 10:7 |
| June 6:8,11,24 | number 2:7 4:3 | points 6:22 | report 4:15 9:8 | STEVEN 3:10 |
| jury 4:9,10 | 4:18,25 | portion 8:14 | Reporter 2:7 | summarize 8:22 |
| | | position 5:8 7:22 | 10:4 | support 5:2 |
| **K** | **O** | premises 7:5,10 | Reporting 2:20 | sustain 6:2 |
| KAIGH 3:4 | O 2:6 10:3,19 | preponderance | required 4:15 | sustained 8:25 |
| kickings 5:20 | occur 7:9 | 9:1 | reveals 8:17 | **T** |
| K-9 8:4 | occurred 4:25 | present 7:5 | review 4:13 | T 10:1,1 |
| K-9-unit 5:21 | 5:7,17 7:12 | presented 9:5 | reviewed 9:6 | taken 2:6 8:19 |
| | 8:11,18 | principles 4:7 | ROSELLI 3:9,9 | 10:7 |
| **L** | October 1:15 | Prison 1:5 4:18 | Rottweiler 7:4 | testified 4:17 7:3 |
| law 4:7 | 10:21 | prisoners 4:20 | 7:11 | 7:6,8,14,21 |
| LAZZARO 3:9 | officer 7:3,8,14 | proceeded 5:10 | Ruiz 7:3,8,21 | 8:13 |
| license 2:7 | 7:21 | proceedings 2:5 | 8:1 | testimony 5:25 |
| lie 5:1 | officers 5:4,9 | 4:2 | Rule 4:14 | 6:8,11,21,21 |
| Litigation 1:6 | 7:18 8:5,15,21 | prods 6:15 | | 8:10,23 10:6 |
| Local 4:13 | once 6:19 8:11 | proof 9:1 | **S** | Theresa 2:6 10:3 |
| lockdown 7:11 | opinion/report | proving 6:2 | S 3:2 | 10:19 |
| longer 5:2 | 1:5 4:4 9:4 | proximity 7:20 | satisfaction 6:6 | thing 8:1 |
| LOZIER 3:9 | order 4:5,16 9:9 | Public 2:8 10:3 | searched 4:19 | things 5:20 7:13 |
| **M** | ordered 7:25 8:8 | 10:20 | | third 5:16 |
| | outside 5:13 | | | |

| | | |
|---|---|---|
| **three** 4:22 7:19 8:3<br>**time** 5:15 10:7<br>**tolerate** 5:8<br>**top** 5:1<br>**Trailer** 4:18,25<br>**trained** 8:5<br>**transcript** 2:5 4:14 6:24 10:6<br>**transport** 8:16 8:18<br>**trial** 6:21<br>**true** 10:6<br>**TUESDAY** 1:15<br>**tumbled** 5:3<br>**twice** 6:16<br>**Two** 4:18,25<br>**type** 7:6 8:6 | **Y**<br>**yesterday** 7:3<br><br>**0**<br>**08-130** 1:2 4:3<br>**08012** 3:5<br>**08102** 2:10<br>**08106** 2:22<br>**08690** 3:11<br>**09** 6:12<br><br>**1**<br>**11th** 4:21 8:14<br>**1337** 3:11<br>**17th** 6:11,24<br>**1997** 4:22 | 3:6<br>**856-546-1100** 2:23 |
| **U**<br>**underlie** 4:8<br>**unit** 4:19 6:15 6:17<br>**United** 1:1 2:9<br>**units** 8:20,20 | **2**<br>**2009** 1:15 6:8 10:21<br>**2010** 10:20<br>**251** 2:21<br>**27** 1:15 10:21 | |
| **V**<br>**vicinity** 5:13<br>**Videoconfere...** 2:20<br>**virtually** 7:10<br>**vs** 1:8 | **3**<br>**3:11** 2:10<br>**30X100085700** 2:7<br>**32** 3:4<br>**33** 3:11 | |
| **W**<br>**W** 1:21<br>**Walker** 4:10<br>**wall** 5:19 7:18<br>**weight** 5:2<br>**White** 2:21<br>**WILLIAM** 1:9<br>**witnessing** 5:5<br>**wounds** 5:22<br>**written** 4:15 | **5**<br>**5** 10:20<br>**52.1** 4:14<br>**58** 6:10<br><br>**6**<br>**60** 6:11<br>**609-586-2257** 3:12<br>**62** 6:23<br>**65** 6:23 | |
| **X**<br>**XIO857** 10:21 | **8**<br>**856-232-3337** 3:5<br>**856-232-4561** | |