NOT FOR PUBLICATION (Doc. No. 1189)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
JEFFERY MORTON,                      :
                                     :
          Plaintiff,                 :    Civil No. 97-5127 (RBK/JS)
                                     :
     v.                              :    **OPINION**
                                     :
WILLIAM H. FAUVER, et al.,           :
                                     :
          Defendants.                :
_____  :

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion by Plaintiff Jeffery Morton ("Morton") for reconsideration of this Court's February 14, 2011 Order. (Doc. No. 1188). That Order denied Morton's motion to reinstate his claim following final judgment and to vacate the Court's Order dated May 17, 1999. (Doc. No. 1120). For the following reasons, Morton's motion is **DENIED**.

**I.    BACKGROUND**

Morton's claim arises out of the Bayside Prison Litigation. Morton filed a pro se complaint, Morton v. Faunce, et al., Civil No. 97-5609, alleging that he received injuries during the lockdown of Bayside Prison after the murder of a guard in July 1997. The Court consolidated Morton's action with those of other inmates under the caption In re Bayside Prison Litigation, Civil No. 97-5127, in December 1998 "for case management purposes only." (Doc. No. 1189-3). On May 17, 1999, the Court dismissed Morton's complaint, Civil No. 97-5609, with prejudice for failure to submit a pretrial memorandum within the applicable deadline ("the

1

1999 Order"). Morton neither moved for reconsideration under Local Rule 7.1(i), nor moved to reinstate his claim pursuant to Federal Rule of Civil Procedure 60(b)(4).

Morton's claim subsequently appeared on the Fourth Amended Complaint for In re Bayside, Civil No. 97-5127, in September 1999, a proposed class action. In April 2000, the Court denied class certification in In re Bayside. In April 2001, the Court consolidated all cases related to In re Bayside, including Morton's case, Civil No. 97-5609, under the caption Laverna White, et al. v. William H. Fauver, et al., Civil No. 97-5127. Defendants moved to dismiss the Complaint in Civil No. 97-5127. In their brief supporting the motion to dismiss, Defendants noted that Morton's lawsuit under Civil No. 97-5609 was dismissed by the Court with prejudice, and asked the Court to strike Morton's claim from the complaint. In March 2002, the Court granted in part and denied in part Defendants' motion to dismiss, but made no mention of Morton's claim ("the 2002 Order").

In March 2010, Morton filed a "Motion to Reinstate Claim" and to vacate the 1999 Order of Dismissal. (Doc. No. 1120). The Court construed Morton's motion to vacate the 1999 Order as a motion for reconsideration of Morton's claim (Civil No. 97-5609), and as a motion to reinstate that claim. On February 14, 2011, the Court denied both Morton's motion to reinstate and motion to vacate the 1999 Order. (Doc. No. 1188). Morton now moves for reconsideration of the Court's February 14, 2011 Order.

## II.  STANDARD

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from judgment or order under Fed. R. Civ. P.

60(b).  Id.  In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.  Bowers v. NCAA, 130 F. Supp. 2d 610, 612 (D.N.J. 2001).  Rule 7.1(i) states that a party shall set "forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked."  "[R]econsideration is an extraordinary remedy, that is granted very sparingly."  Brackett v. Ashcroft, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (internal quotations omitted).  The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

There are three grounds upon which a court may grant a motion for reconsideration:  "(1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice."  Carmichael v. Everson, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004).  Mere disagreement with a decision "should be dealt with in the normal appellate process, not on a motion for reargument under [the] Local Rule."  Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988).

## III. DISCUSSION

Morton argues that the Court overlooked the March 2002 Order granting in part and denying in part Defendants' motion to dismiss the complaint in Civil No. 97-5127.  The 2002 Order makes no mention of Morton's claim in Civil No. 97-5609, even though Defendants argued that Morton's case had been dismissed in 1999 in their brief in support of the motion to dismiss the complaint in Civil No. 97-5127.  Morton asserts that he relied on the March 2002 Order for the proposition that his claim was still active and was not stricken from the In re

Bayside litigation in Civil No. 97-5127. In addition, Morton admits that he improperly labeled his "Motion to Reinstate Claim" filed on March 3, 2010:

> Very unfortunately, [Morton's] Counsel misleadingly identified that motion as a motion to 'reinstate' when it should have been labeled something else, perhaps a motion for clarification. The purpose of the motion was to give the Court the opportunity to determine whether or not Morton's claim . . . had in fact been dismissed.

(Pl.'s Mem. of Law in Supp. of Mot. to Recons. at 3). Nonetheless, Morton contends that the Court improperly construed his motion as a motion to reinstate. Specifically, he asserts that the March 2002 Order established that Morton's claim was still viable, and he argues that the law-of-the-case doctrine precludes the Court from reexamining the 2002 Order. Morton also admits that he failed to argue that the 2002 Order established that his claim remained viable, and that he failed to bring the 2002 Order to the Court's attention when he moved to reinstate his claim and vacate the 1999 Order. Even so, Morton maintains that the Court committed a clear error by overlooking the March 2002 Order.

In response, Defendants contend that the Court dismissed Morton's claim in the 1999 Order with prejudice. Defendants argue that the Court did not overlook the 2002 Order because that Order does not establish that Morton's claim was active. Defendants also assert that the Court properly denied Morton's motion to reinstate his claim and vacate the 1999 dismissal Order as untimely.

   **A. Whether the Court Overlooked the 2002 Order**

Morton argues that the Court mistakenly overlooked the 2002 Order that granted in part and denied in part Defendants' motion to dismiss the complaint in Civil No. 97-5127.

Reconsideration is allowed where there are "matters or controlling decisions which . . . the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i). "The word 'overlooked' is the operative term and has been consistently interpreted as referring only to facts and legal

arguments that might reasonably have resulted in a different conclusion had they been considered." Summerfield v. Equifax, 264 F.R.D. 133, 145 (D.N.J. 2009).  For a matter to have been overlooked, the matter must have been brought to the attention of the court at the time the court made its decision on the underlying order it is being asked to reconsider.  Polizzi Meats Inc. v. Aetna Life & Casualty Co., 931 F. Supp. 328, 339 (D.N.J. 1996) ("[The rule] explicitly invites counsel to draw the court's attention to decisions which may have been overlooked by the court, not those which were overlooked by counsel.").  The fact that an issue was not explicitly mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration.  Ashton v. AT&T Corp., No. 03-3158, 2006 U.S. Dist. LEXIS 4787, at *5 (D.N.J. Feb. 2, 2006) ("An argument is not deemed overlooked because it is not specifically addressed in a court's opinion.").

  Here, Morton fails to establish that the Court overlooked the 2002 Order.  First, Morton failed to bring the 2002 Order to the Court's attention in his "Motion to Reinstate Claim."  Thus, Morton cannot argue that the Court overlooked the 2002 Order on a motion for reconsideration.  Second, even if the Court considered the 2002 Order, it could have reached the same conclusion regarding Morton's "Motion to Reinstate Claim".[1]  Morton filed a motion to reinstate his claim and to vacate the 1999 dismissal with prejudice of Civil No. 97-5609.  The Court properly applied the standard for a motion to reinstate under Federal Rule of Civil Procedure 60(b), and determined that Morton's claim had been previously dismissed by the 1999 Order and that his motion to reinstate was untimely.  Consideration of the 2002 Order would not have reasonably

---

[1] The March 2002 Order addressed a motion to dismiss the complaint in In re Bayside Prison Litigation, Civil No. 97-5127.  In re Bayside Prison Litigation involved the consolidated claims of dozens of plaintiffs.  Morton's claim was only one of many which Defendants' motion to dismiss addressed.  In fact, Defendants' brief in support of their motion to dismiss the complaint in In re Bayside mentions Morton in a footnote, and only to point out that Morton's claim had already been dismissed by the 1999 Order and to ask the Court to strike Morton's claim.

5

resulted in a different conclusion because it had no bearing on the timeliness of Morton's motion. Thus, reconsideration is unnecessary.

### B. Clear Error and Manifest Injustice

Morton contends that the Court applied the wrong burden of proof by treating his "Motion for Reinstatement of Claim" as a motion for reinstatement of the claim in Civil No. 97-5609, and did not review the 2002 Order. Morton claims that in doing so, the Court committed a clear error resulting in manifest injustice.

Reconsideration may be granted where it is needed to correct a clear error of law or fact or to prevent manifest injustice. Miletta v. United States, No. 02-1349, 2005 WL 1318867, at *8 (D.N.J. May 27, 2005). "A decision suffers from 'clear error' only if the record cannot support the findings that led to that ruling . . . . Thus a party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling." ABS Brokerage Services v. Penson Fin. Services, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010); see e.g., Granite State Ins. v. UJEX, No. 03-1220, 2005 WL 1618792, at *5 (D.N.J. July 11, 2005) (granting defendant's motion for reconsideration of denial of summary judgment because court overlooked diversity jurisdiction was clear error of law). However, the mere fact that a party disagrees with the court does not show that the court overlooked relevant facts or controlling law. Bermingham v. Sony Corp. of Am. Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992) ("Disagreement with a considered statement of the court is not a basis for reconsideration."). A court may relax the requirements of Local Rule 7.1(i) to prevent manifest injustice. See e.g., In re Lord Abbett Mutual Funds Fee Litig., 463 F. Supp. 2d 505, 508 (D.N.J. 2006).

Here, reconsideration is not warranted for two reasons. First, the Court did not commit clear error. Morton, in his "Motion to Reinstate Claim," petitioned the Court to reinstate his claim and vacate the 1999 Order dismissing his claim. The 1999 Order dismisses Morton's claim with prejudice. The 2002 Order does not specifically address Morton's claim. Rather, the 2002 Order responded to Defendants' motion to dismiss the complaint in In re Bayside Prison Litigation, which consolidated the claims of many litigants. Thus, the record supports the Court's denial of Morton's motion to reinstate his claim, and reconsideration is unnecessary.

Second, the Court's decision does not result in manifest injustice. Defendants have consistently relied on the 1999 Order and maintained that Morton's claim was dismissed with prejudice. "Dismissal with prejudice constitutes an adjudication of the merits as fully and completely as if the order had been entered after trial." Gambocz v. Yelencsics, 468 F.2d 837, 840 (3d Cir. 1972). Yet Morton did not address the dismissal of his claim by the 1999 Order. In the two-month period between May 1999 and June 1999, the period between when the Court entered the 1999 Order and the complaint in In re Bayside Prison Litigation named Morton as a plaintiff, Morton neither moved for reconsideration of the 1999 Order nor moved for post-judgment relief. Morton has failed to assert any reason why he did not act during this two-month period.[2] Moreover, during that two-month period, Morton had absolutely no reason to believe that his claim was still viable. Yet, Morton took no action to reinstate his claim. Rather, in 2010 Morton presented the Court with a motion to reinstate his claim and vacate the 1999 Order. The Court construed Morton's motion at face value, and denied it because Morton waited over a

---

[2] Morton had 14 days to move for the Court to reconsider the 1999 Order pursuant to Local Rule 7.1(i). A court may relax the timeline for filing a motion for reconsideration to prevent injustice where a pro se litigant is involved. Malik v. Hannah, No. 05-3901, 2007 WL 38755, at *1 (D.N.J. Jan. 3, 2007). However, because Morton waited an extended period of time to file the motion to reinstate and the motion to vacate the 1999 Order, the interests of justice do not support extending the 14-day deadline. See Johnson v. Orr, 739 F. Supp. 949, 950 (D.N.J. 1989). Similarly, Morton had a "reasonable time" to file for post-judgment relief under Federal Rule of Civil Procedure 60(c)(1) but failed to do so. Therefore, the interests of justice do not favor granting Plaintiff additional time to file for post-judgment relief under Federal Rule of Civil Procedure 60.

7

decade to address the 1999 Order.  Therefore, the Court will not reconsider Morton's motion to reinstate his claim and vacate the 1999 Order.

## IV.    CONCLUSION

For the reasons discussed above, Morton's motion for reconsideration of this Court's February 2, 2011 Order denying Morton's motion to reinstate his claim following final judgment and to vacate the Court's Order dated May 17, 1999 is **DENIED**.  An appropriate Order shall enter.

Date:  7/21/2011                                                                        /s/ Robert B. Kugler

                                                                             ROBERT B. KUGLER
                                                                             United States District Judge